IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARA D. IVERSEN,

    Plaintiff,

vs.                                                                            No. 20-cv-696 JCH-KBM

MARIANNA VIGIL,
BOB CLEVENGER, and
SGT. CRISWELL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Sara Iversen's Prisoner Civil Rights Complaint (Doc. 1-1). Also before the Court are her motions requesting an answer and for summary judgment (Docs. 4, 5). Plaintiff is incarcerated at the Springer Correctional Center (SCC) and is proceeding *pro se*. The Complaint alleges SCC Warden Vigil, Chaplain Clevenger, and Sergeant Criswell withheld materials on Plaintiff's Wiccan faith for five months or more. The Complaint attaches New Mexico Corrections Department CD Policy 101301.A, which reflects that Wiccan inmates are permitted to have one set of Tarot cards and religious books. (Doc. 1-1 at 7). Defendants allegedly denied Plaintiff's inter-library loan requests for Wiccan books for several months. *Id.* at 11-14. It also appears Defendants would not initially allow her to purchase Wiccan books from the approved vendor list. *Id.* at 25. The Complaint raises claims under the First Amendment and the New Mexico Tort Claims Act. *Id.* at 2.

The Tenth Circuit has repeatedly reversed district courts for resolving these types of First Amendment claims on screening and without a full record. In *Kay v. Bemis*, for example, the Tenth Circuit found the complaint stated a claim where plaintiff, a Wiccan, alleged prison officials denied

him "tarot cards, incense, and religious books." 500 F.3d 1214, 1216 (10th Cir. 2007). More recently, the Tenth Circuit reversed two screening dismissals where prison officials denied book requests and the reasons for the decision were unclear. *See Khan v. Barela*, 808 Fed. App'x 602, 608 (10th Cir. 2020); *Whitehead v. Marcantel*, 766 Fed. App'x 691, 696 (10th Cir. 2019). Consistent with this authority, the Court finds the Complaint is not subject to summary dismissal under 28 U.S.C. § 1915A or Fed. R. Civ. P. 12(b)(6). The Court will grant Plaintiff's Motion for an Answer (Doc. 4)[1] and refer this case to the Magistrate Judge for an investigation.

As to Plaintiff's request for summary judgment, such relief is premature. Plaintiff seeks summary judgment because Defendants have not filed an answer. However, 42 U.S.C. 1997e provides that a defendant may decline to reply to any action brought by a prisoner until the Court orders a response. *See* 42 U.S.C. §1997e(g)(1)-(2) (nothing "the court may require any defendant to reply to a complaint brought under [the Prison Litigation Reform Act] if it finds that the plaintiff has a reasonable opportunity to prevail on the merits"). Prisoner complaints are also excluded from pre-trial case management procedures under the Court's local rules. *See* NMLR 16.3(d). The Court will therefore deny the Motion for Summary Judgment (Doc. 5) without prejudice to refiling at a later date.

Plaintiff is advised that to move the case forward, and in lieu of traditional discovery, the assigned Magistrate Judge may order a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). A *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims." *Hall v. Bellmon,* 935

---

[1] Because Counsel has already entered an appearance on behalf of Defendants (Doc. 2), the Court need not order service in this case.

F.2d 1106, 1109 (10th Cir. 1991). Courts typically use the *Martinez* report when deciding whether to grant summary judgment. *Id.* at 1109-13. Accordingly, both parties may request summary judgment after Defendants file an answer and any *Martinez* investigation is complete.

**IT IS ORDERED** that the Complaint (Doc. 1-1) survives initial review under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6); and Plaintiff's Motion for Answer (**Doc. 4**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall file an answer to the Complaint (**Doc. 1-1**) within thirty days of entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (**Doc. 5**) is **DENIED** without prejudice to re-filing after the *Martinez* investigation is complete.

_____
SENIOR UNITED STATES DISTRICT JUDGE